**UNITED STATES PATENT AND TRADEMARK OFFICE**

OFFICE OF THE GENERAL COUNSEL

OFFICE OF THE SOLICITOR

October 24, 2024

VIA CM/ECF
Jarrett B. Perlow
Circuit Executive & Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: Rule 28(j) Notice for Delivery to Panel Assigned to *ImmunoGen, Inc. v. Vidal*, No. 23-1762 (Fed. Cir.) (oral argument scheduled for Dec. 5, 2024)

Dear Mr. Perlow,

Please deliver this Rule 28(j) notice to the December Panel G.

Dear Panel,

After the USPTO filed its brief, this Court decided *Janssen Pharms., Inc. v. Teva Pharms. USA, Inc.*, 97 F.4th 915 (Fed. Cir. 2024). The Court held that a claim to a dosing regimen was unpatentable because it would have been obvious to apply the claimed regimen to some individuals—even though it might not have been obvious to apply the regimen to the "general population of patients." *Id.* at 925. In doing so, the Court explained that the district court erred in dismissing the patent challenger's "reliance on references related to administering unequal loading doses because they taught individualized, rather than generalized, dosing." *Id.* at 926 (citations omitted). The district court likewise erred, *Janssen* held, by "requir[ing] an expectation of success not for administering [the drug] to *a* patient according to the dosing regimen claimed, but rather success in achieving the goals a POSA would have across an (undefined) average population of patients, such that a POSA would expect to use the regimen as a generalized multi-dose regimen." *Id.* at 927 (citation omitted).

*Janssen* is pertinent to two arguments the USPTO made in this case. *First*, the USPTO argued that for patients at their ideal body weight there is no difference

between the IMGN853 dose administered under the claimed adjusted ideal body weight (AIBW) calculation and the dose administered under the prior art's methods. *See* Dkt. 14 at 36–38. Per *Janssen*, if the claimed regimen would have been obvious as applied to some patients the claims are unpatentable. *Second*, the USPTO argued that it would have been obvious to apply the claimed AIBW dosing to obese patients. *See Id.* at 44. *Janssen* shows that it is irrelevant whether it would have been obvious to apply this regimen to non-obese patients. *Contrast* Op. Br. 9.

Respectfully,

/s/ *Daniel Kazhdan*
Daniel Kazhdan
Associate Solicitor
*Attorney for the Director of the*
*United States Patent and Trademark Office*

cc: Counsel of Record via CM/ECF